United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND CAREY, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-15-1666 |
| § | |
| WELLS FARGO, N.A., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. Dkt. 30. Because Raymond Carey and Mary Shelvin-Carey ("Plaintiffs") have not responded, the court will treat the motion as unopposed. S.D. Tex. L.R. 7.4. After considering the motion and applicable law, the court finds that the motion should be GRANTED.

**I. BACKGROUND**

On October 7, 2014, Plaintiffs' residence, located at 1023 Andover Glen Drive, Fresno, Texas 77545 ("the Property"), was sold at a foreclosure sale for $109,000.00. Dkt. 24 at 6. Before the foreclosure sale, Plaintiffs allege that they were the owners of the Property pursuant to a deed of trust. *Id.* at 2. Plaintiffs admit that they defaulted on their loan payment obligations relating to the Property and sought a forbearance/modification agreement with Wells Fargo in October of 2013. *Id.* Plaintiffs allege that they "entered into a forbearance agreement beginning January 1, 2014 to May 2015 and they agreed for the payments to be automatically debited from their account." *Id.* Plaintiffs further allege that Wells Fargo's agents made oral representations that no foreclosure would occur if all payments were made in accordance with the forbearance agreement. *Id.* Plaintiffs claim that all required payments were made under the forbearance agreement, but that Wells Fargo

foreclosed on the property without providing them with sufficient notice of default, an opportunity to cure, or timely notice of the foreclosure sale. *Id*. at 3. Plaintiffs also claim that they submitted a complete loss mitigation application to Wells Fargo more than 37 days before the foreclosure sale, but that Wells Fargo did not inform them of the denial of their application. *Id*. at 9.

On June 2, 2015, Plaintiffs filed this lawsuit challenging the foreclosure sale of the Property based on their allegations that oral representations were made that foreclosure would not occur and that foreclosure-related notices were either not sent or not timely sent. Dkt. 1, Ex. 2. Wells Fargo removed the action to this court on June 11, 2015. Dkt. 1. On January 5, 2016, Plaintiffs filed their second amended petition ("live complaint"), which asserts claims for fraud, negligent misrepresentation, promissory estoppel, and violations of the Texas Property Code, Texas Debt Collection Act ("TDCA"), and the Dodd-Frank Wall Street Reform & Consumer Protection Act of 2010 ("Dodd-Frank"). Dkt. 24 at 3–8.

On February 2, 2016, Wells Fargo filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 30. The motion became ripe on February 23, 2016, and Plaintiffs have not filed a response to the motion. Under the Southern District of Texas Local Rules, a "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

If a party's claim contains allegations of fraud, the pleadings must meet a heightened standard and "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). Instead, pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotation marks omitted) (referring to the standard established in *Twombly*). The Fifth Circuit strictly interprets Rule 9(b) and requires the pleader "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotation marks omitted). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 690 (E.D. Tex. 2009) (internal quotation marks omitted).

### III. DISCUSSION

**A.    Fraud and Negligent Misrepresentation Claims**

For their fraud claim, Plaintiffs allege that Wells Fargo's "agents advised and assured Plaintiffs that there would be no foreclosure if the payments were all made pursuant to the forbearance/modification payment agreement." Dkt. 24 at 6. Likewise, for their misrepresentation claim, Plaintiffs allege that "agents advised and assured Plaintiffs that there would be no foreclosure if the payments were all made pursuant to the forbearance/modification payment agreement." *Id*. at 5. Where, as here, the factual allegations underlying a fraud claim and negligent misrepresentation claim are the same, the heightened pleading standards of Rule 9(b) also apply to the negligent misrepresentation claim. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. . . That is the case here, as [Plaintiff's] fraud and negligent misrepresentation claims are based on the same set of alleged facts."). Therefore, for both claims, Plaintiffs must specify the "who, what, when, where, and how" of the alleged fraud and misrepresentation. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997); *see also Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (dismissing fraud claim where "[plaintiff] did not allege . . . when and where [defendant's] allegedly fraudulent statements were made").

Plaintiffs' fraud and negligent misrepresentation claims are based on allegations that Wells Fargo's agents made representations that no foreclosure would occur. However, Plaintiffs fail to identify the agents who made these representations and otherwise fail to plead the "who, what, when, where, and how" of the alleged fraud and misrepresentation. *Williams*, 112 F.3d at 179. Therefore,

4

Plaintiffs' conclusory allegations are insufficient to support their fraud and negligent misrepresentation claims under Rule 9(b)'s heightened pleading standard.[1]

**B.    Texas Property Code Claims**

Plaintiffs allege that Wells Fargo violated section 51.002 of the Texas Property Code by (i) failing to provide Plaintiffs with a notice of default and an opportunity to cure before the foreclosure of the Property and (ii) failing to provide timely notice of the foreclosure sale.  Dkt. 24 at 3–4.

Texas Property Code § 51.002 requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of twenty (20) days.  *Reed v. Litton Loan Servicing, LP*, No. 1:10–CV–217, 2011 WL 817357, at *4 (E.D. Tex. Jan. 27, 2011) (citing Tex. Prop. Code § 51.002(d)).  If the lender invokes the power of sale under a security instrument, the lender must also provide notice to the borrower of the time and place of the foreclosure sale at least 21 days prior to the date designated for the sale.  *Id*. (citing Tex. Prop. Code § 51.002(b)).

Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action.  *See, e.g.*, *Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13–CV–810, 2013 WL 3807756, at *4 (S.D. Tex. Jul. 19, 2013) (Atlas, J.) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism.").  Accordingly, courts have construed claims for violation of section 51.002 as claims for wrongful foreclosure.  *Id.* at *4 (construing section 51.002 claim to be a restatement of plaintiff's wrongful foreclosure claim); *see also Warren v. Bank of Am., N.A.*, No. 3:13–CV–1135-M, 2013 WL 8177096, at *5 (N.D. Tex. Nov. 15, 2013) (construing failure

---

[1] Because the court finds that Plaintiffs fail to state claims under Rule 9(b), the court need not address Wells Fargo's assertion that the economic loss rule precludes Plaintiffs' fraud and negligent misrepresentation claims.

to send the requisite notices under section 51.002 as a wrongful foreclosure claim, rather than as a stand-alone claim under the Texas Property Code); *Anderson v. Nat'l. City Mortg.*, No. 3:11–CV–1687-N, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012) (construing possible violation of section 51.002 as a claim for wrongful foreclosure); *Johnson v. Vericrest Fin., Inc.*, No. 3:09–CV–1260-M, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010) (construing violation of section 51.002 in tandem with wrongful foreclosure claim).

To state a wrongful foreclosure claim under Texas law, Plaintiffs must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Under Texas law, "a grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Id*. (quoting *FDIC v. Blanton*, 918 F.2d 524, 531–32 (5th Cir. 1991)). Although Plaintiffs allege a defect in the foreclosure proceedings (i.e., lack of notice), they fail to allege that (i) the Property was sold at a grossly inadequate price and (ii) that the defect caused the grossly inadequate selling price. Indeed, the complaint is devoid of any allegations regarding the fair market value of the Property. Therefore, as currently plead, Plaintiffs cannot recover damages on their wrongful foreclosure claim.

Moreover, Texas law is clear that to set aside, cancel, and rescind a foreclosure sale, a borrower is required to tender, not just offer, the full amount due under the note. *Hill v. Wells Fargo Bank, N.A.*, No. 4:12–CV–11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (Rainey, J.) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1999, pet. denied)); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title

under a void foreclosure sale."). Here, Plaintiffs have failed to allege that they tendered the amount due and owing on the debt for the Property. Therefore, Plaintiffs have not adequately alleged a claim for rescinding the foreclosure sale. Accordingly, Plaintiffs' wrongful foreclosure claim fails as a matter of law.

**C. TDCA Claims**

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Gomez v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0381-B, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2012); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See* Tex. Fin. Code §§ 392.001 *et. seq*.

Here, Plaintiffs allege that Wells Fargo violated sections 392.304(a)(8), 392.303(a)(2), and 392.301(a)(8) of the TDCA. Dkt. 24 at 3–5. The court will address each alleged violation in turn.

**(1) Section 392.304(a)(8)**

Section 392.304(a)(8) prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8). To state a claim for violation of § 392.304(a)(8), Plaintiffs must show that the debt collector "made a misrepresentation that led [them] to be unaware (1) that [they] had a mortgage debt, (2) of the specific amount [they] owed, or (3) that [they] had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015); *see also Seeberger Bank of Am., N.A. Ventures Trust 2013 I.H.R. v. Seeberger*, No. EP:14–CV–366-KC, 2015 WL 9200878, at *13 (W.D. Tex. Dec. 16, 2015). A misrepresentation is "an affirmative

7

statement" by the debt collector that is "false or misleading." *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 363 (5th Cir. 2014). "To violate the TDCA using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'" *Fields v. JP Morgan Chase Bank, N.A.*, 638 F. App'x 310, 313 (5th Cir. 2016) (citations omitted). "Under Texas misrepresentation law, a promise to do or refrain from doing an act in the future is not actionable unless the promise was made with no intention of performing at the time it was made." *Robinson*, 576 F. App'x at 363 (citation and internal quotation marks omitted). Here, Plaintiffs do not allege that any purported misrepresentations caused them to believe that they: (1) did not have a mortgage debt of the specific amount they owed; or (2) had not defaulted. Rather, Plaintiffs allege that Wells Fargo promised not to foreclose on the Property despite the fact that Plaintiffs had defaulted on the loan. Dkt. 24 at 5. Moreover, Wells Fargo's alleged promise not to foreclose constitutes a promise to refrain from doing something in the future. However, Plaintiffs do not allege that Wells Fargo had no intention of performing that promise at the time it was made. Therefore, Plaintiffs fail to state a claim under § 392.304(a)(8) of the TDCA.

      **(2) Section 392.303(a)(2)**

Section 392.303(a)(2) prohibits using unfair or unconscionable means in debt collection such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). Section 392.303(a)(2) "does not create a cause of action to challenge assessed fees as unreasonable." *Rucker*, 806 F.3d at 831–32. Although reference to § 392.303(a)(2) is made in the complaint, Plaintiffs fail to allege any facts in support of a violation of § 392.303(a)(2). In this regard, Plaintiffs fail to: (1) identify the fee that is the subject of the claim; (2) allege that the fee was not expressly authorized by the agreement creating

the obligation; and (3) describe the unfair or unconscionable means by which the fee was collected or attempted to be collected. *See* Tex. Fin. Code § 392.303(a)(2). Therefore, Plaintiffs fail to state a claim under § 392.303(a)(2) of the TDCA.

**(3) Section 392.301(a)(8)**

Section 392.301(a)(8) prohibits "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). Here, Plaintiffs allege a cause of action under § 392.301(a)(8) "based on the lender's failure to provide 21 days notice of the foreclosure sale." Dkt. 24 at 3. However, Plaintiffs do not allege that Wells Fargo ever threatened to foreclose on Plaintiffs' property. In fact, Plaintiffs do not allege that Wells Fargo made any threats, much less threats to take an action prohibited by law.

In any event, "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank*, *NA*, No. 3:12–CV–01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11–CV–03519, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012) (Hanks, J.) ("[I]t is well established that [defendant's] foreclosure on the [plaintiffs'] home after the [plaintiffs] admittedly defaulted on their mortgage loan is not an action prohibited by law."); *Nolasco v. CitiMortgage, Inc.*, No. 4:12–CV–1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (Miller, J.) (dismissing section 392.301(a)(8) claim because foreclosure is not an action prohibited by law); *Clark v. Deutsche Bank Nat'l. Trust Co.*, No. 3:14–CV–3590-B, 2015 WL 4093948, at *12 (N.D. Tex. July 7, 2015) (dismissing § 392.301(a)(8) claim because foreclosure is not an action prohibited by law where plaintiffs admitted default on their loan); *Watson v. Citimortgage, Inc.*, No. 4:10–CV–707, 2012 WL 381205, at * 8 (E.D. Tex. Feb. 3, 2012) ("Foreclosure is not an action prohibited by law."). Here, Plaintiffs admit that they defaulted on their

loan. *See* Dkt. 24 at 2 ("Plaintiffs were not current on all their mortgage payments . . ."). Therefore, even if Plaintiffs did allege that Wells Fargo threatened to foreclose on the Property, the claim would fail because the TDCA does not prevent Wells Fargo from exercising its rights under the deed of trust. Accordingly, Plaintiffs fail to state a claim under § 392.303(a)(2) of the TDCA.

**D.     Promissory Estoppel**

"The elements of a promissory-estoppel claim are (1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise." *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. 4:10–CV–3828, 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011) (Rosenthal, J.) (quoting *Ellen v. F.H. Partners, LLC*, No. 03:09–CV–00310, 2010 WL 4909973, at *4 (Tex. App. Dec. 1, 2010)). "In addition, when promissory estoppel is used to enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *Id.* (quoting *Ellen,* 2010 WL 4909973, at *4); *see also Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2015) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing."); *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164 (5th Cir. 2012) (holding that promissory estoppel did not bar mortgage lender from foreclosing on mortgagors' real property because it was undisputed that the mortgage was a valid, enforceable contract).

Plaintiffs' promissory estoppel claim seeks to enforce Wells Fargo's alleged promise to refrain from foreclosing on the Property if the payments were made pursuant to the forbearance/modification agreement. Dkt. 24 at 7. Plaintiffs allege that they relied on Wells Fargo's

promise by not filing for protection under Chapter 13 of the Federal Bankruptcy laws. *Id*. at 8. However, Plaintiffs fail to allege that Wells Fargo made a "promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *George-Baunchand*, 2011 WL 6250785, at *8. Plaintiffs' allegation that they were assured they would receive "additional paperwork" sometime in the future is far too vague and indefinite. Dkt. 24 at 2. Therefore, Plaintiffs' promissory estoppel claim fails as a matter of law.

**E.     Dodd Frank Claims**

Plaintiffs allege that Wells Fargo violated Dodd-Frank by committing "dual tracking" in violation of rules issued by the Consumer Financial Protection Bureau ("CFPB") and the National Mortgage Settlement ("NMS"). Dkt. 24 at 8. According to Plaintiffs, dual tracking occurs when a mortgage servicer continues to foreclose on a homeowner's home while simultaneously considering the homeowner's application for a loan modification/forbearance. *Id*. However, Plaintiffs have not identified (and this court is unaware of) any Texas or Federal laws that have adopted the standards set forth by the CFPB or the NMS.

In any event, many courts have considered a plaintiff's claim that the defendant "committed 'dual-tracking' in violation of the National Mortgage Settlement." *See, e.g., Weston v. Wells Fargo Bank, N.A.*, No. A:14–CA–51–SS, 2014 WL 811546, at *4 (W.D. Tex. Feb. 28, 2014). In *Weston*, the court first noted that the plaintiff's dual-tracking claim "referr[ed] to the 'Consent Judgment' between Wells Fargo, on the one hand, and the United States, forty-nine States, and the District of Columbia, on the other hand." *Id*. The court dismissed the claim, holding that "[a]s a matter of law, however, no private right of action was created by the Consent Judgment." *Id*. (citing *Reynolds v. Bank of Am., N.A.*, No. 3:12–CV–1420-L, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013); *Owens v. Bank of Am., N.A.*, No. 4:11–CV–2552, 2012 WL 912721, at *3 (S.D. Tex. Mar.16, 2012)

11

(Hoyt, J.)). Additionally, courts have held that a plaintiff does not have standing to bring a claim under the NMS if he or she is not a party to the consent judgment or a monitoring committee. *Id.*; *Shatteen v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 320 (5th Cir. 2013) (holding that borrowers lack standing to enforce the NMS).

Therefore, courts that have addressed claims related to the consent judgment, including this one, have held that borrowers do not have standing to enforce a consent decree that banks have entered into with the government. *See, e.g., Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 985 (S.D. Tex. 2014) (Lake, J.) (dismissing claims for violation of the consent judgment and holding that borrowers do not have standing to bring a claim for a violation of the consent judgment); *Bagala v. Bank of Am.*, No. 4:13–CV–0160, 2013 WL 4523562, at *2 (S.D. Tex. Aug. 27, 2013) (Atlas, J.) (dismissing borrower's claim based on violation of the consent judgment, explaining that "there is nothing in the Consent Decree that indicates an intent to confer standing on non-parties," and holding that borrower lacked standing to enforce a decree entered into between banks and the government). Plaintiffs' dual-tracking claims fail as a matter of law because (i) there is no private right of action under the consent judgment; and (ii) Plaintiffs lack standing to enforce the consent judgment.

### III. Conclusion

Wells Fargo's motion to dismiss for failure to state a claim (Dkt. 30) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. A final judgment will issue consistent with this order.

It is so ORDERED.

Signed at Houston, Texas on August 11, 2016.

_____
Gray H. Miller
United States District Judge